# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                              Case No. 07-30212-DHW
                                                                                                         Chapter 13

LATASHIA D. WHITE,

      Debtor.

## MEMORANDUM OPINION

      Latashia White, the debtor in this chapter 13 case, filed a motion on August 15, 2008 to modify her confirmed chapter 13 plan. The modified plan provides for the surrender of a vehicle securing the claim of Capital One Auto Finance ("Capital One") with leave for Capital One to file a deficiency claim, if any, upon disposition of the collateral. The plan further provides that unsecured creditors will receive no distribution.

      Capital One filed an objection to the motion generally contending that it was adversely affected by the modified plan, that the modified plan was discriminatory, and that the modified plan was not filed in good faith.

      At the hearing on October 20, 2008, the parties were accorded an opportunity to file briefs of law. Upon consideration of the facts, the law, and their respective briefs, the court concludes that the debtor's modified plan cannot be confirmed.

### Jurisdiction

      This court has jurisdiction over this matter through 28 U.S.C. § 1334 and an order of the United States District Court for this district which refers jurisdiction in title 11 matters to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Factual Findings

The relevant facts are undisputed. The debtor filed this chapter 13 case on February 13, 2007. On October 26, 2004, less than 910 days prior to filing the bankruptcy petition, Ms. White purchased a 2003 Ford Mustang. Capital One financed the purchase and took a security interest in the car. Ms. White listed the debt to Capital One in the bankruptcy schedules at $12,317.12.

Ms. White's original chapter 13 plan provided for retention of the vehicle, for the curing of a $666.02 pre-petition default on the vehicle through payments to the chapter 13 trustee, and for all installment payments coming due post-petition to be made directly by the debtor to Capital One. The plan proposed to pay 100% of allowed unsecured claims. The plan was confirmed on May 11, 2007.

On August 15, 2008, Ms. White filed the instant motion to modify the plan. The modified plan provides, *inter alia*, for the surrender of the 2003 Ford Mustang to Capital One with leave for Capital One to file a deficiency claim, if any. Under the modified plan, unsecured creditors will be paid nothing. Therefore, in the event Capital One has a deficiency claim, it will receive nothing.

## Legal Conclusions

The sole issue presented here is whether a plan may be modified post-confirmation under 11 U.S.C. § 1329 to provide for the surrender of collateral to a secured creditor and reclassify any remaining balance on the secured claim to unsecured status. That precise legal issue, together with nearly identical facts, was addressed by the Court of Appeals for the Sixth Circuit in *Chrysler Financial Corp. v. Nolan (In re Nolan)*, 232 F.3d 528 (6th Cir. 2000). The *Nolan* court found that such a plan modification was impermissible for a number of reasons with which the undersigned agrees.[1]

---

[1] *See In re Barclay*, 276 B.R. 276, 281-82 (Bankr. N.D. Ala. 2001) (holding that claims may not properly be reclassified through a § 1329 post-confirmation plan modification); *In re Coleman*, 231 B.R. 397 (Bankr. S.D. Ga. 1999) (holding that a debtor cannot shift the burden of depreciation to a secured creditor by reclassifying the

2

In *Nolan*, the confirmed plan fixed the value of the debtor's automobile at $8,200. The debt to the lien creditor was about 12,300. Therefore, the confirmed plan bifurcated the creditor's claim into secured and unsecured components of $8,200 and $4,100, respectively. About one-year later, the debtor moved to modify her plan to surrender the vehicle and to reclassify the creditor's deficiency claim to unsecured status.

First, the Court of Appeals in *Nolan* concluded that:

> [S]ection 1329(a) does not expressly allow the debtor to alter, reduce or reclassify a previously allowed secured claim. 11 U.S.C. § 1329(a) (1993). Instead, section 1329(a)(1) only affords the debtor a right to request alteration of the amount or timing of specific payments. . . . A modification that reduces the claim of a secured debtor [sic] would add a claim to the class of unsecured creditors, a change prohibited by section 1329(a). Section 1329(a)(1) should not be read so broadly as to authorize the reclassification of claims.

*Id.* at 532-33 (citations omitted).

Second, the *Nolan* court stated:

> [T]he proposed modification would violate section 1325(a)(5)(B), which mandates that a secured claim is fixed in amount and status and must be paid in full once it has been allowed. Debtors seeking modification are attempting to bifurcate a claim that has already been classified as fully secured into a secured claim as measured by the collateral's depreciated value and an unsecured claim as measured by any unpaid deficiency. This would negate the requirement of section 1325(a)(5)(B)(ii) that a plan is not to be confirmed unless the property to be distributed on account of a claim is not less than the allowed amount of the claim.

---

creditor's fully secured claim to unsecured by surrendering the collateral in a plan modification).

3

*Id.* at 533 (citations omitted).

Because Capital One's claim was incurred within 910 days of the bankruptcy petition date, the claim was, by operation of law, fully secured at the time of confirmation of the original plan. *See* 11 U.S.C. § 1325(a) (unnumbered, hanging paragraph at the end of the section); *DaimlerChrysler Financial Services v. Barrett (In re Barrett)*, 543 F.3d 1239, 1243 (11th Cir. 2008) (a debtor retaining a vehicle subject to the hanging paragraph must "pay the entire claim and it is to be treated as fully secured"); *Nuvell Financial Services Corp. v. Dean (In re Dean)*, 537 F.3d 1315, 1320 (11th Cir. 2008) (the hanging paragraph prohibits bifurcation of hanging paragraph claims); *Graupner v. Nuvell Credit Corp. (In re Graupner)*, 537 F.3d 1295, 1297-98 (11th Cir. 2008) (hanging paragraph protects against cram-down). Having been allowed as a fully secured claim, it cannot now be bifurcated and reclassified to unsecured status.

Third, the Sixth Circuit held that a plan modification of this sort would impermissibly modify the *res judicata* effect of § 1327(a) with respect to the plan as originally confirmed. The court wrote that

> [The] proposed modification would contravene section 1327(a), because a contrary interpretation postulates an unlikely congressional intent to give debtors the option to shift the burden of depreciation to a secured creditor by reclassifying the claim and surrendering the collateral when the debtor no longer has any use for the devalued asset.

*Id.* at 533 (citation omitted).

Fourth, the *Nolan* court noted that under § 1329(a), "only the debtor, the trustee, and holders of unsecured claims are permitted to bring a motion to modify a" confirmed plan. *Nolan*, 232 F.3d at 534. To permit the debtor, through a modification, to surrender collateral and reclassify the remaining claim as an unsecured one would:

> create an inequitable situation where the secured creditor could not seek to reclassify its claim in the event that collateral

4

> *appreciated*, even though the debtor could revalue or reclassify the claim whenever the collateral *depreciated.*

*Id.* at 534 (emphasis in original) (citation omitted).

Finally, the *Nolan* court drew a distinction between the terms "claim" and "payment" noting that § 1329 permitted modification of the amount of payments on a claim but not the amount of the claim itself: "This section does not state that the plan may be modified to increase or reduce the amount of *claims*. This is of significance in relation to secured claims."

*Id.* at 534 (quoting *In re Banks*, 161 B.R. 375, 378 (Bankr. S.D. Miss. 1993) (emphasis in original).

## Conclusion

For these reasons, the court finds that the debtor's modified plan, which proposes the surrender of collateral and reclassification of the secured claim, cannot be confirmed. By separate order, the debtor's motion to modify the plan will be denied.

Done this the 25th day of November, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Richard A. Lawrence, Debtor's Attorney
William C. Poole, Capital One's Attorney
Curtis C. Reding, Trustee

5